# Butler, *et al. v.* The State.

*Habeas Corpus.*

(Decided June 20, 1911. 56 South. 20.)

*Habeas Corpus; Application for Bail; Evidence; Review.*— Where the judge of probate who heard the application had evidence ore tenus and had the advantage of the impression made by the appearance of the witness on the stand, and denied bail, his order will not be reversed although the evidence was conflicting.

[Butler, et al. v. The State.]

APPEL from Crenshaw Probate Court.

Heard before Hon. F. M. T. TANKERSLY.

Green Butler and others were indicted for murder in the first degree, and being confined in jail under a mittimus issued on such indictment, they brought habeas corpus for discharge on bail, and from an order denying the writ they appeal. Affirmed.

FRANK B. BRICKEN, and POWELL & HAMILTON, for appellant. After discussing the evidence at length counsel conclude that bail should have been allowed and in support thereof cite the following authorities: Sec. 16, Constitution 1901; Secs. 6337-8, Code 1907; *Ex parte Banks,* 28 Ala. 89; *Ex parte Hammock, et al.,* 78 Ala. 416; *Jordan v. The State,* 81 Ala. 32.

ROBERT C. BRICKELL, Attorney General, and W. L. PARKS, for the state.

WALKER, P. J.—The tendencies of the evidence submitted by the prosecution and the petitioners, respectively, on the hearing of these two applications for bail were very conflicting. Having regard to the weight which should, in such a case, be accorded by the revising court to the judgment of the primary tribunal, when the same is presented for review on appeal (*Ex parte Sloane,* 95 Ala. 22, 11 South. 14; *Ex parte McAnnally,* 53 Ala. 495, 25 Am. Rep. 646; *Ex parte Nettles,* 58 Ala. 268). it cannot be said that the record in these cases makes it clear that the judge of probate was in error in denying bail. Whether or not the evidence offered by the prosecution was so impaired by the sharply conflicting evidence submitted by the petitioners that it would have been the duty of a trial court to set aside a capital conviction on such evidence must largely depend upon circumstances which could be given their due weight by

the primary tribunal, but which are not, and cannot be, fully disclosed by a record made up for a revising court. On such an inquiry, the evidences of the presence of lack of honesty and frankness, or of partiality or hostility on the one side or the other, the indications of intelligence, or the lack of it, and character, good or bad, on the part of the witnesses, or that they were subject to improper influences, and in short, the impressions made by their appearance and general demeanor, properly may be controlling factors. In the consideration of such circumstances, an obvious advantage is possessed by one who saw and heard the witnesses testify over one whose information is derived solely from a written report of the testimony. Recognizing this fact, and also recognizing the impropriety of entering into a discussion of diverging tendencies of the evidence in these cases, it suffices to say, without intending to express or to intimate an opinion as to the evidence that might affect the final trial, that a careful examination of the record has led the court to the conclusion above stated. The result is that the orders of the judge of probate denying bail must be affirmed.

Affirmed.