# The State v. Dixon.

*Habeas Corpus.*

(Decided June 13, 1912. 59 South. 313.)

1. *Appeal and Error; Appeal by State; Order Fixing Bail.*—Section 6245, Code 1907, authorizes an appeal by the state from an order fixing bail in a homicide case if taken within the time prescribed by section 6247, Code 1907.

[The State v. Dixon.]

2. *Bail.*—Under the facts in this case, it is held that an order admitting the defendant to bail in the sum of $1,000 was not so erroneous as to require a reversal of the case.

3. *Appeal and Error; Review; Allowing Bail.*—Unless it is clear that the court was in error in rendering a judgment allowing bail, its judgment will not be disturbed on appeal, especially where there is a conflict in the evidence showing guilt as the trial court had the advantage of seeing the witnesses and hearing them testify.

Appeal from Bessemer City Court.

Heard before Hon. J. C. B. Gwin.

Walter Dixon was allowed bail in the sum of $1,000 on a petition therefor by habeas corpus, and the State appeals. Affirmed.

R. C. Brickell, Attorney General, and W. L. Martin, Assistant Attorney General, Ben G. Perry, and Thomas T. Huey, for the State. Section 6245, Code 1907, authorizes the state to appeal from an order granting bail in a homicide case, and the appeal was taken within the time prescribed by section 6247.—*Ex parte Sloan,* 14 South. 15; *Ex parte Nettles,* 58 Ala. 275. By his own acts petitioner brought on the difficulty.—*Reeves v. The State,* 135 Ala. 14. Petitioner fought willingly, took advantage of the first opportunity to kill at a time when his adversary was completely within his power.—*Springfield v. The State,* 96 Ala. 88. He could have retreated without increasing his danger.—*Springfield v. State, supra; Stitt v. The State,* 91 Ala. 10; *Davis v. The State,* 92 Ala. 20. There was nothing to show self defense.—*Lewis v. The State,* 51 Ala. 1; *Daughdrill v. The State,* 113 Ala. 32; *Smith v. The State,* 15 South. 843.

Mathews & Mathews, for appellee. The record was not filed within the thirty days as is required by section 6247, Code 1907, and the appeal should be dismissed. Under the facts in this case, the defendant was entitled

[The State v. Dixon.]

to bail, and the judgment should not be disturbed.—
*Kennedy v. The State,* 140 Ala. 1; *Snyder v. The State,*
145 Ala. 33; *Pate v. The State,* 150 Ala. 16.

PELHAM, J.—This appeal is prosecuted by the
state, under the provisions of section 6245 of the Code,
from an order of the judge of the city court of Besse-
mer, fixing the petitioner's bail in the sum of $1,000 in
a habeas corpus proceeding. The case is submitted on
a motion to strike the appeal, and on the merits.

The motion to strike is not well taken, and is over-
ruled, as the appeal is shown to have been taken within
the time allowed by statute.—Code, § 6247.

The evidence, without conflict, showed a homicide re-
sulting from an assault made on the defendant by the
deceased with a stick or piece of wood. The evidence is
in conflict as to whether or not, after the parties had
grappled, the deceased undertook to draw a weapon be-
fore he was shot and killed by the defendant. Under
such a conflict in the evidence as shown by the record,
it cannot be said to clearly appear that the primary
court erred in its judgment admitting the defendant to
bail. For reasons that are obvious, we abstain from en-
tering into a discussion of the tendencies of the evi-
dence, or expressing any opinion with reference thereto
that might affect the trial of the case on its merits.

The rule is fixed and has become the established law
in this state that the judgment of the primary tribunal
having the witnesses before it, and possessing all the
advantage thus given for arriving at a just conclusion,
will not be disturbed when there is a conflict in the evi-
dence showing guilt, unless it be made clear that the
primary tribunal was in error in the judgment ren-
dered.—*Butler v. State,* 1 Ala. App. 265, 56 South. 20;
*State v. Lacy,* 158 Ala. 16, 48 South. 343; *Ex parte*

*Sloane,* 95 Ala. 22, 11 South. 14; *Ex parte McAnnally,* 53 Ala. 498, 25 Am. Rep. 646; *Ex parte Nettles,* 58 Ala. 275.

We are not prepared to say, acting under the rule governing a revisory court, after considering all of the evidence, that it is clear that the judge erred in the order made admitting the defendant to bail; and the judgment of the primary court will be affirmed.

Affirmed.