# The State *v.* Reeves.

### Habeas Corpus.

### (Decided June 30, 1916.   72 South. 509.)

**Bail; Review; Questions of Fact.**—Unless contrary to the great weight of the evidence, the action of the probate court in granting bail to one indicted for murder in the first degree, will not be reviewed where the testimony is ore tenus and conflicting.

APPEAL from Tallapoosa Probate Court.

Heard before Hon. G. J. SORRELL.

Heard Reeves was indicted for murder in the first degree, and on application for bail was granted same, and the State appeals.   Affirmed.

W. L. MARTIN, Attorney General, and HARWELL G. DAVIS, Assistant Attorney General, for the State.   No counsel marked for appellee.

PELHAM, P. J.—This appeal is from an order of the judge of probate of Tallapoosa county, admitting the petitioner (appellee) to bail to answer a charge of murder in the first degree, of which offense he had been indicted by a grand jury of the county.   The record recites: "After hearing all the evidence in this case and carefully considering the same, the court reaches the conclusion, and it is the opinion of the court, that petitioner, the said H. L. Reeves is entitled to bail."

The evidence was given ore tenus, and is in conflict.   In considering the evidence under such circumstances, the primary tribunal has an obvious advantage over the reviewing court, whose information is derived solely from the written report of the testimony set out in the record, in arriving at a proper conclusion (*Butler, et al. v. State*, 1 Ala. App. 265, 56 South. 20) ; and we are not impressed, and cannot say, from a reading of the conflicting evidence set out, with a due observance of the established rule that the finding of the primary tribunal should not be disturbed unless contrary to the great weight or preponderance of the evidence (*State v. Lacey*, 158 Ala. 16, 48 South. 343), that the conclusion reached is erroneous.

The order of the judge of probate, granting the petitioner bail, must be affirmed.

Affirmed.