(111 So. 644)

### PUGH v. PUGH. (8 Div. 543.)

(Court of Appeals of Alabama. Nov. 16, 1926. Rehearing Denied March 8, 1927.)

1. **Habeas corpus** &#9758;113(2)—**Court of Appeals has appellate jurisdiction in all appealable habeas corpus cases.**

In all habeas corpus cases which are appealable, Court of Appeals has appellate jurisdiction.

2. **Habeas corpus** &#9758;47(1)—**Statute authorizing judge of Morgan county court to issue habeas corpus authorizes both statutory and common-law writs (Loc. Acts 1919, p. 198, § 20).**

Loc. Acts 1919, p. 198, § 20, authorizing the judge of the county court of Morgan county to issue writs of habeas corpus, authorizes both statutory and common-law writs of habeas corpus.

3. **Parent and child** &#9758;2(4)—**Legal niceties are not favored in proceedings involving custody of children.**

Court does not favor mere legal niceties in proceedings or pleadings which involve custody of children.

4. **Habeas corpus** &#9758;25(2)—**Infants** &#9758;18—**Custody of child may be determined by court or judge having jurisdiction, on bill, petition, or habeas corpus.**

Proceeding to determine custody of child can be brought before any court or judge having jurisdiction either by bill, petition, or application for habeas corpus.

5. **Habeas corpus** &#9758;46, 47(1)—**Power of Morgan county court or judge to issue habeas corpus is purely statutory and unaffected by peculiar chancery power over children (Loc. Acts 1919, p. 198, § 20).**

Power of Morgan county court or judge thereof to issue writs of habeas corpus is given by Loc. Acts 1919, p. 198, § 20, and is limited to the powers contained therein, and is unaffected by the peculiar jurisdiction of the chancellor or of the chancery court over children.

6. **Parent and child** &#9758;2(1)—**Infancy presupposes custody in parent or guardian.**

Under the law of Alabama, infancy presupposes custody either in parent or guardian.

**7. Habeas corpus ⊙⇒25(2)—Court having jurisdiction to issue habeas corpus can inquire into custody of child and is bound to remand child to proper custodian.**

Court having jurisdiction to issue writ of habeas corpus has power to inquire into legality of custody of child, and, if the custody is found to be illegal, the court has the duty to remand the child to the proper custodian.

**8. Parent and child ⊙⇒2(1)—Child is ward of the state.**

The child is the ward of the state, subject to its control through duly constituted agencies.

**9. Infants ⊙⇒18—Chancery court has inherent jurisdiction over custody and control of infants.**

Inherent jurisdiction over control and custody of infants is vested in the chancery courts of Alabama.

**10. Habeas corpus ⊙⇒25(2)—Infants ⊙⇒18—Chancery, circuit, and probate court may on bill, petition, or habeas corpus determine custody of any infant in state (Code 1923, § 9579).**

Chancery court in view of its inherent jurisdiction, and circuit court, and probate court in view of its jurisdiction under Code 1923, § 9579, may on bill, petition, or writ of habeas corpus examine into and determine custody and control of any infant in the state.

**11. Parent and child ⊙⇒2(3)—Welfare of infant is paramount consideration in determining custody.**

In determining the custody and control of an infant, the paramount consideration is the welfare of the infant.

**12. Habeas corpus ⊙⇒46—Morgan county court can inquire into infant's custody on habeas corpus and, if custody is illegal, must award infant to rightful custodian (Loc. Acts 1919, p. 198, § 20).**

Morgan county court under Loc. Acts 1919, p. 198, § 20, giving it jurisdiction to issue writs of habeas corpus without limitation, has power to inquire into the legality of the custody of an infant, and, if it finds the custody to be illegal, it is its duty to award the infant to the rightful custodian.

Bricken, P. J., dissents.

Appeal from Morgan County Court; W. T. Lowe, Judge.

Habeas corpus proceeding by Willie Mae Pugh against J. R. Pugh and others for custody of a child. From a judgment granting the petition, the named respondent appeals. Affirmed.

Eyster & Eyster, of Albany, for appellant.

The county court is without jurisdiction. Ex parte Boaz, 31 Ala. 425; Murphree v. Hanson, 197 Ala. 246, 72 So. 437; Sparkman v. Sparkman, 20 Ala. App. 50, 100 So. 621; Local Acts 1919, p. 198, § 20; McDaniel v. Youngblood, 201 Ala. 261, 77 So. 674; Thomas v. Thomas, 212 Ala. 85, 101 So. 738. In determining the custody of a child, his welfare is the paramount consideration. Hickey v. Thayer, 85 Kan. 556, 118 P. 56, 41 L. R. A. (N. S.) 564; Words and Phrases, 3197. The father has the prior right to the custody and control of his minor children. Anonymous, 206 Ala. 298, 89 So. 462; Hernandez v. Thomas, 50 Fla. 522, 39 So. 641, 2 L. R. A. (N. S.) 203, 111 Am. St. Rep. 137, 7 Ann. Cas. 446.

S. A. Lynne, of Decatur, for appellee.

The judge of the Morgan county court had authority to issue the writ of habeas corpus. Local Acts 1919, p. 198, § 20; Local Acts 1923, p. 207, § 20; Barriere v. State, 142 Ala. 72, 39 So. 55; Payne v. Graham, 20 Ala. App. 439, 102 So. 729; Glenn v. Glenn, ante, p. 148, 106 So. 226; Carwile v. State (Ala. Sup.) 39 So. 1024. Strict rules of pleading are not applicable in habeas corpus cases. Glenn v. Glenn, supra; Ex parte Champion, 52 Ala. 313. The best interest of the child is the controlling factor. Whitten v. Whitten, 214 Ala. 653, 108 So. 751. In the absence of clear abuse of discretion, the finding of the trial judge, who saw and heard the witnesses and the parties, will not be disturbed. Findley v. Jones, 214 Ala. 325, 107 So. 840; Lewis v. Crowell, 210 Ala. 199, 97 So. 691; Bolen v. Bolen, 205 Ala. 114, 87 So. 797; Johnston v. Johnston, 89 Wis. 416, 62 N. W. 181; Walden v. Morris, 16 Ga. App. 408, 85 S. E. 452; Smidt v. Benenga, 140 Iowa, 399, 118 N. W. 439; Dunkin v. Seifert, 123 Iowa, 64, 98 N. W. 558.

SAMFORD, J. [1] This court has appellate jurisdiction in all appealable habeas corpus cases. Phelps v. McLeod, 17 Ala. App. 480, 86 So. 150.

[2] Under and by virtue of section 20, Local Acts 1919, p. 198, the judge of the county court of Morgan county has the power and authority to issue writs of habeas corpus. This includes both statutory and common-law writs.

[3, 4] Under the practice obtaining in this state in proceedings involving the custody of children, mere legal niceties are not favored in proceedings or pleadings. Murphree v. Hanson, 197 Ala. 246, 72 So. 437. The proceeding to determine custody of a child can be brought before any court or judge having jurisdiction, either by bill, petition, or application for habeas corpus. Tillman v. Walters, 214 Ala. 71, 108 So. 62.

[5-7] By the act creating the Morgan county court the judge of that court was given the jurisdiction to issue writs of habeas corpus, without any limitation. Whatever there-

fore was the peculiar jurisdiction and powers of the chancellor or the chancery court over children could have no effect upon the jurisdiction granted to the Morgan county court or to the judge of said court by statutory enactment. But such power is statutory and therefore limited to the powers contained in the statute. Under our law infancy presupposes a custody either in a parent or guardian, and a court having jurisdiction to issue the writ of habeas corpus has the power to inquire whether the person assuming custody is rightfully doing so. Upon inquiry, if it be found that the custody is illegal, it becomes the duty of the court to remand the child to the proper and legal custodian. Smith v. State, 4 Ala. App. 210, 58 So. 117. Whether it be called an order, judgment, or decree, that was what was done in this case. The foregoing answers the contention of appellant on the demurrers to the petition overruled by the court.

[8-12] The child is the ward of the state, subject to control through its duly constituted agencies. In this state, as in England, the chancery court has inherent jurisdiction in all such matters, and now by statute this jurisdiction is transferred to the circuit courts and the powers of chancellors to the various circuit judges. In addition to the foregoing, jurisdiction over minors has been given to probate courts (Code, § 9579) and in certain cases to juvenile courts. Under the authority above mentioned, the chancery court, circuit court, and probate court may upon bill, petition, or habeas corpus, examine into the custody and control of any infant in this state; the paramount consideration being the welfare of such infant. McDaniel v. Youngblood, 201 Ala. 261, 77 So. 674. But the Morgan county court has no such jurisdiction conferred upon it by section 20 of the local act supra, and no such jurisdiction is inherent in that court, other than such powers as are derived from the authority to try and determine the issuance of writs of habeas corpus. Under its statutory authority it has power to issue writs of habeas corpus and upon the return to inquire into the cause of any illegal detention of the party on whose behalf the writ is sued out. If upon such inquiry it be found that an infant is illegally in the custody of one or more persons, the court not only has the power to take the infant from the illegal custody, but it has the power and it is its duty to award the custody where it rightfully belongs.

The conclusions to be drawn from the facts are not without difficulty, but the trial court had all the parties before him, the evidence was ore tenus, he had opportunities of observation denied to an appellate court. Giving to the decision of the lower court that weight to which such decisions are entitled under the law, we are not willing to set aside the finding. The judgment is affirmed.

Affirmed.

BRICKEN, P. J., dissents.