44 So.2d 276

**STATE v. CLAYTON.**

7 Div. 72.

Court of Appeals of Alabama.
Jan. 31, 1950.

Beddow & Jones and G. Ernest Jones, Jr., of Birmingham, and Reed & Reed of Centre, for appellee.

A. A. Carmichael, Atty. Gen., and Bernard F. Sykes, Asst. Atty. Gen., for the State.

CARR, Judge.

Fletcher Clayton was indicted for murder in the first degree and was held without

94

bail in the Cherokee County jail. He filed a petition for a writ of habeas corpus addressed to the Hon. F. M. Savage, Presiding Judge of the Cherokee Law and Equity Court. A writ was issued in accordance with the prayer of the petition.

When the cause came on to be heard, the State appeared specially and by written motion moved to quash the writ on the ground that the petition should have been addressed to the nearest circuit judge or the probate judge of the county. Title 15, Sec. 6, Code 1940. The insistence was that this section denotes and provides the exclusive and only forum in which the proceedings could have been held.

The State's motion was overruled, and, after a hearing on the factual merits, Judge Savage allowed the petitioner bail and fixed the amount thereof at $10,000.

The State brings this appeal as permitted under the terms of Title 15, Sec. 369, Code 1940, as amended by Act No. 50, General Acts 1949, p. 75.

The Cherokee Law and Equity Court was established by the 1943 Legislature. Act No. 163, Local Acts 1943, pp. 81 to 90, inclusive. Section 24 of the act is: "The judge of said court shall have power to issue search warrants, writs of habeas corpus, prohibition, certiorari, quo warranto, and all other special and extraordinary writs, and the rules of the Circuit Courts of Alabama as are now or which may hereafter be provided by law, except as otherwise provided in this Act, shall prevail in the Cherokee Law and Equity Court, and the judge thereof shall have the same power, and authority including punishment for contempt as is or may hereafter be conferred upon the judges of the Circuit Courts of Alabama unless otherwise provided in this Act."

The Legislature of 1919 created the Morgan County Court. Act No. 415, Local Acts 1919, pp. 194 to 201, inclusive. Section 20 of this act provides: "The judge of said court shall have power to issue search warrants, writs of habeas corpus, prohibition, certiorari, quo warranto, and all other special and extraordinary writs, except such as are peculiar to a court of chancery."

In November 1926 we reviewed an appeal from a judgment of Morgan County Court in which a petition for habeas corpus had been granted. The proceedings involved the custody of a child. In response to a question there presented we held: "By the act creating the Morgan county court the judge of that court was given the jurisdiction to issue writs of habeas corpus, without any limitation. Whatever therefore was the peculiar jurisdiction and powers of the chancellor or the chancery court over children could have no effect upon the jurisdiction granted to the Morgan county court or to the judge of said court by statutory enactment. But such power is statutory and therefore limited to the powers contained in the statute." Pugh v. Pugh, 21 Ala.App. 650, 111 So. 644, 645.

In 1931 the Legislature amended Section 20 of the above act. Act No. 296, Local Acts 1931, p. 144. After amendment, it appears: "The Judge of the said Court shall have power to issue search warrants, writs of habeas corpus, prohibition, certiorari, quo warranto, and all other special and extraordinary writs, both at law and in equity."

Subsequently to the last enactment this court handed down the decision in the case of State v. McNutt, 26 Ala.App. 410, 161 So. 263. We held: "The judge of the Morgan county court had the authority to issue the writ of habeas corpus, and to hear and determine the matters presented by the petition therefor."

On this appeal we reviewed the question of the petitioner's right to bail. He was held under an indictment for the offense of murder in the first degree.

In the main, the acts establishing the two indicated courts are identical in verbiage.

In the section of instant concern is found: "and the judge thereof shall have the same power, and authority including punishment for contempt as is or may hereafter be conferred upon the judges of the Circuit Courts of Alabama unless otherwise provided in this Act."

It will be observed that this is a more detailed designation of the jurisdictional pow-

ers of the judge than is found in the Morgan County act.

The act in question does not give jurisdiction to the judge of the Cherokee Law and Equity Court to try capital felony cases. This is specifically provided under Section 9. However, this cannot be taken to evince a legislative intent to preclude the power of the judge of this court to issue writs of habeas corpus, even though the petitioner may be seeking bail when charged with a capital offense.

Section 24 of the act does not limit the power of the judge with respect to his right to issue writs of habeas corpus.

It appears to us that the cases of Pugh and McNutt, supra, are decisive of the question here. We see no logical reason for us to depart from the views formerly expressed.

The judgment of the court below on the merits of the case must be upheld. It is not required, nor is it expedient that we attempt to illustrate this conclusion by an analysis or discussion of the evidence.

The rule prevails that where the evidence is in conflict the judgment of the trial judge will not be disturbed by the appellate courts, unless it appears that this finding is against the great weight of the evidence. State v. Lacey, 158 Ala. 16, 48 So. 343.

The rule has also been stated as follows: "The rule laid down in McAnally's Case, [Ex parte McAnally] 53 Ala. 495, 25 Am. Rep. 646, by the Supreme Court, through Brickell, C. J., to the effect that, the primary court in proceedings of this nature having the opportunity and advantage of a personal observance of the witnesses, 'it should be clear that it has erred in its judgment, or a revisory court should abstain from interference,' has been uniformly and universally followed and many times approved." State v. Cole, 5 Ala.App. 286, 59 So. 681, 682.

The judgment of the court below is ordered affirmed.

Affirmed.