285 So.2d 108

**Robert LEE**

v.

**Myra LAYTON.**

**Civ. 144.**

Court of Civil Appeals of Alabama.

July 18, 1973.

Rehearing Denied Aug. 1, 1973.

Lentz & Nelson, and Eyster, Eyster & Key, Decatur, for appellant.

Ralph E. Slate, Decatur, for appellee.

BRADLEY, Judge.

This appeal is from a habeas corpus proceeding in the Circuit Court of Morgan County.

The appellant filed a petition for the writ of habeas corpus in the Morgan County Circuit Court seeking to recover possession of two infants, the permanent custody of whom had been awarded to him by the Cobb County, Georgia Juvenile Court. It was contended that custody of the two children had been obtained by appellant through the express written relinquishment of parental rights by the natural parents and by the award of permanent custody of the said two children by the Cobb County, Georgia Juvenile Court on February 9, 1972; and that the appellee, the natural mother, now unlawfully detains them.

An answer was filed in which appellee denied that she detained or had possession of the children illegally; denied that the Cobb County, Georgia Juvenile Court had jurisdiction of the matter and that she was served with process or given notice of any custody proceedings; and stated that the custody of children was not the subject of contract.

A hearing was held by the court sitting without a jury, on the law side, at which time testimony and other evidence was received from both parties to this proceeding.

The evidence showed that sometime around August 1971 appellee, because she was unable to properly care for her infant twin boys, contacted appellant about taking

them. Appellant is a forty-seven year old bachelor who owns and operates a children's park and playground in Smyrna, Georgia. Appellee stated she was referred to appellant by Brady Taylor, appellant's foster son.

At this time appellee was approximately twenty years old, had been married four times, and had several felony charges pending against her. She was also unemployed but was seeking employment, and through the help of appellant was employed by Richway's of Atlanta and sent to New York for a short schooling period. However, after her stay in New York, she did not work for Richway's.

Appellant informed appellee that he would not consent to keep the children unless he obtained legal custody and was then permitted to adopt them. He stated that he did not want to become attached to them and then, at some later time, have appellee show up asking for the return of the children. In keeping with his attitude about the custody of the two boys, appellant then suggested that he and appellee see his lawyer so that the matter might be handled in a legal manner. Appellee agreed and went with appellant to the lawyer's office where papers were prepared, explained to appellee, and signed by her. It was explained to appellee that she was relinquishing her parental rights to the children and that she was waiving any further notice of process or hearings in court relating to this matter. It was also explained to her that appellant was seeking permanent custody of the two children. Appellee was then asked if she would take a similar form to her former husband, Jesse Pennington, the father of the children, and have him sign it and then have it notarized and returned to the lawyer's office. This appellee did.

The evidence then shows that these papers were filed in the Cobb County, Georgia Juvenile Court and permanent custody of the two children was awarded to appellant on February 9, 1972. Appellee was

given no further notice of the proceedings in the juvenile court after she signed the waiver, and she did not attend any of the hearings.

The appellant kept the two youngsters for about a year, until appellee went to his house in Georgia in the company of a boyfriend and, under the pretext of taking the children to get a hamburger, took them back to Decatur, Alabama where appellee now has them.

Appellant came to Alabama the next morning and attempted to recover possession of the children without resorting to legal action. He was unsuccessful and contacted an attorney in Decatur, Alabama to represent him in the matter. The result is this habeas corpus proceeding.

The evidence is undisputed and, in fact, concurred in by appellee, that appellant loves the children, has cared for them as a loving parent would, and is fit in every respect to have the custody and control of these two children.

At the time appellee relinquished control of the children, she was charged with several felonies, was unmarried and unemployed, although she was seeking work. At the time of the habeas corpus hearing appellee was unmarried, on eighteen months' probation for the conviction of several felonies, but was employed and, according to her testimony, earning about $100 a week. Appellee did testify that she loved her children, wanted them with her and had changed her ways of living.

The evidence further shows that the law of Georgia authorizes parental rights to be terminated by a court where the parent or parents consent, in writing, and this consent is acknowledged before the court.

The evidence shows that the relinquishment of parental rights and the consent for custody of the boys to be placed in appellant was acknowledged, in writing, before the court by both appellee and the natural father, Jesse Pennington. It was also

shown that appellee and Pennington agreed in writing for appellant to adopt the two children, and that the adoption proceedings have been commenced.

The evidence also shows that appellee waived any notice of hearings or process in the Cobb County, Georgia Juvenile Court in the matter of the custody and adoption of the two children.

The trial court in its decree stated that it was giving full force and effect to the Georgia court decree, but that it had just as much authority to modify the custody of these two children as would the Georgia court because a custody decree is never res judicata if changed circumstances warrant a modification. The court then found that the appellee was a fit and proper person to have the care and custody of these two children and remanded their care and custody to her and discharged her from the writ of habeas corpus.

Appellant appealed and assigned three grounds of error, all of which contend that the October 27, 1972 final judgment awarding custody to appellee is erroneous.

We consider it appropriate to first mention the jurisdiction of this court in the present matter, although neither party questioned such jurisdiction.

Act No. 987, Acts of Alabama 1969, p. 1744, provides in one section that:

"The Court of Criminal Appeals shall have exclusive appellate jurisdiction of all . . . habeas corpus . . . cases."

and it also provides in another section that:

"The Court of Civil Appeals shall have exclusive appellate jurisdiction of . . . all appeals in domestic relations cases, including annulment, divorce, adoption and child custody cases, and all extraordinary writs arising from appeals in said cases. . . ."

The appeal in this case is from a judgment in a habeas corpus proceeding in the Circuit Court of Morgan County; however the subject of the proceedings in the Circuit Court and of that court's judgment was child custody. The petition asking for the writ of habeas corpus was filed in said court for the purpose of obtaining custody of two minor children.

■ In proper cases, child custody may be determined by habeas corpus. Lumpkin v. Meeks, 263 Ala. 395, 82 So.2d 535; Pugh v. Pugh, 21 Ala.App. 650, 111 So. 644. In the instant case, petitioner-appellant sought to recover custody and possession of two minor boys by the use of the writ of habeas corpus. Where a habeas corpus petition is for the purpose of obtaining custody and possession of minors, we consider this court to have jurisdiction of the controversy for the reason that "child custody" is involved. On the other hand, had the controversy been about an incarceration on a criminal charge or a suspected criminal charge or related to a criminal charge in some manner, we would conclude that the appeal from such a habeas corpus proceeding would be in the jurisdictional sphere of the Court of Criminal Appeals.

■ We therefore conclude that jurisdiction of this appeal is in this court.

Appellant argues that there was in existence a valid, subsisting decree from the Juvenile Court of Cobb County, Georgia awarding him custody of the two children in question and severing all parental rights of the appellee and the father, Jesse Pennington. He also contends that according to Georgia law, appellee waived in writing any notice of further proceedings in the custody matter before the juvenile court. Appellant also says that there was no emergency relating to the welfare of the children which would require that the Circuit Court of Morgan County, Alabama assume jurisdiction of the cause for the purpose of modifying the decree of the Georgia court.

Appellee answers by saying that a court of concurrent jurisdiction may at any time

change the custodial care of the children where the welfare of such children warrants such action.

In State v. Black, 239 Ala. 644, 196 So. 713, it was said:

"Full faith and credit under Section 1 of Article 4 of the Constitution of the United States must be given the acts and judicial proceedings of a sister state, which has rightfully assumed jurisdiction to protect a child as an infant within the jurisdiction of that state and court and which child thereby became a ward of that court. The courts of Alabama, when that child is wrongfully brought into their jurisdiction, recognizing the sovereign authority of a sister state in respect thereto, as a matter of comity, will refuse to deal with the question relating to the future welfare of the child as same may be controlled by alleged changed conditions of the rival contestant as to the child's custody; but will honor, respect and enforce the asserted rights of the mother of such child, armed with a duly authenticated decree of that court of a sister state with jurisdiction of the parent of the child in awarding the child to her as the agent and trustee of the court and the sovereign state of New York, entitling her to the custody of the child for the purpose of returning her to that jurisdiction for that court's further dealings, if any there should be, with respect to the proper consideration of the child's welfare. [Citations omitted.]"

However, it has also been said that there may be concurrent jurisdiction established to decide the custody of children where an emergency as to the immediate welfare of a child arises. Ex parte Dunlap, 260 Ala. 52, 68 So.2d 533; Ferguson v. State, 251 Ala. 645, 38 So.2d 853; and Little v. Little, 249 Ala. 144, 30 So.2d 386, 171 A.L.R. 1399.

■ In the case at bar the evidence shows, without dispute, that the appellee agreed in writing to relinquish custody and all other parental rights to her two chil-

dren and that she gave such custody to the appellant. Under the evidence it was shown that Georgia law permits such a procedure for the relinquishment of parental custody. Thereupon the matter of custody was presented to a court of competent jurisdiction in Georgia and that court awarded permanent custody of the two children to appellant. The evidence shows that appellee signed a written waiver of any further process or notice of the court proceedings to give appellant permanent custody of the two boys. The undisputed testimony was to the effect that such an understanding satisfied Georgia law both as to notice of the proceedings in juvenile court and as to the statutory requirement that the relinquishment of custody by a parent be acknowledged before the court.

It is therefore the conclusion of this court that the Juvenile Court of Cobb County, Georgia had jurisdiction to decide the custody of Cary and Lary Layton and pursuant to that jurisdiction had the authority to render a judgment awarding custody of the Layton boys to appellant. And, when appellant appeared in the Circuit Court of Morgan County, Alabama armed with the judgment of the Georgia court awarding him permanent custody of the Layton boys, such judgment was entitled to the full faith and credit of a judicial proceeding of a sister state. Since the children were wrongfully brought into the State of Alabama, the Alabama court should have refused to become involved in deciding the question of custody, but should have honored the judgment of the Juvenile Court of Cobb County, Georgia and remanded the two Layton boys to the rightful custodian, which had been shown to be the appellant, for the purpose of returning them to the jurisdiction of the Georgia court. Burns v. Shapley, 16 Ala. App. 297, 77 So. 447.

■ The next question to be decided is whether an emergency situation relating to the welfare of the children had arisen, giving the Morgan County Circuit Court concurrent jurisdiction with the Georgia court. The answer to that question is in the nega-

tive, for there was no emergency situation affecting the welfare of the children requiring the intervention of said court.

It should be pointed out that the appellant had custody of the children for about one year prior to the incident in question and the undisputed testimony was to the effect that he had been a first-rate parent to these children. He loved them and cared for their needs in every way. Even the appellee stated that appellant was a good and fit person to have custody of the children.

By practicing deceit on the appellant, appellee surreptitiously removed the children from the jurisdiction of the Juvenile Court of Cobb County, Georgia and the custody of appellant, solely because she had suddenly decided she wanted the children to live with her.

Such a reason does not amount to an emergency situation requiring or authorizing the intervention of the Circuit Court of Morgan County, Alabama.

Because the children were brought back into Alabama in violation of a judgment of the court of Georgia which had jurisdiction and because that court has the jurisdiction to make any future changes in the custody of the children in question as their welfare may warrant, and absent an emergency situation regarding the welfare of the children, the trial court was in error in interfering with the jurisdiction of the Georgia court.

The judgment of the Circuit Court of Morgan County awarding custody of the Layton children to appellee is reversed and the cause is remanded to that court for an order to be entered granting the writ of habeas corpus and placing the Layton children in the hands of the appellant, the proper custodian, for return to the jurisdiction of the Georgia court.

Reversed and remanded with directions.

WRIGHT, P. J., and HOLMES, J., concur.