(106 So. 229)

### Ex parte Grover GLENN. (8 Div. 821.)

(Supreme Court of Alabama. Nov. 12, 1925.)

Certiorari to the Court of Appeals.

Simpson & Simpson, of Florence, for petitioner.

Bradshaw & Barnett, of Florence, opposed.

GARDNER, J. Petition of Grover Glenn for certiorari to the Court of Appeals, to review and revise the judgment and decision of that court in Glenn v. Glenn, 106 So. 226.

Writ denied.

ANDERSON, C. J., and SAYRE and MILLER, JJ., concur.

(106 So. 223)

### Ex parte HARRIS TRANSFER & WAREHOUSE CO.

### COTTON v. HARRIS TRANSFER & WAREHOUSE CO.

(6 Div. 566.)

(Supreme Court of Alabama. Nov. 12, 1925.)

**Certiorari ⬅15—Not granted to review decision of Court of Appeals, where dependent on disputed interpretation of evidence.**

Where validity of ruling of Court of Appeals on matter of charge given by trial court depends on disputed interpretation of evidence, Supreme Court will not grant certiorari to review decision of Court of Appeals.

Certiorari to Court of Appeals.

Petition of Harris Transfer & Warehouse Company for certiorari to the Court of Appeals to review and revise the judgment and decision of that court in the case of Cotton v. Harris Transfer & Warehouse Co., 106 So. 220. Writ denied.

John T. Glover, of Birmingham, for petitioner.

In view of the decision, it is not necessary that brief be here set out.

Leader & Ullman, of Birmingham, opposed.

Brief of counsel did not reach the Reporter.

PER CURIAM. The charge on account of which petitioner complains of the opinion and judgment of the Court of Appeals, the opinion of that court, and petitioner's brief, all go to show that the validity of his criticism of the ruling of the Court of Appeals in the matter of the charge given by the trial court depends upon a disputed interpretation of the evidence in the cause. This court has held that ordinarily it will not undertake

such interpretation in order to, or as an incident of, a review of the Court of Appeals. Postal Tel. Cable Co. v. Minderhout, 195 Ala. 420, 71 So. 91. That rule will be followed in this case.

Writ denied.

ANDERSON, C. J., and SAYRE, GARDNER, and MILLER, JJ., concur.