20 So.2d 202

**MOSS v. INGRAM.**

1 Div. 225.

Supreme Court of Alabama.

Dec. 14, 1944.

W. C. Taylor, of Mobile, for appellants.

Alex T. Howard, of Mobile, for appellee.

STAKELY, Justice.

This is a proceeding to determine the right to the custody of a little girl named Mary Ellen Mott, three years of age, as

between Lovine Alice Ingram, formerly Lovine Alice Mott, the mother of the child, and J. L. Moss, the stepfather of the mother. The equity court granted the custody of the child to the mother. This appeal is from that decree.

On June 5, 1942, the Circuit Court of Mobile County, in Equity, rendered a decree granting Lovine Alice Mott a divorce from the bonds of matrimony from William Ira Mott. In that decree the custody of Mary Ellen Mott, the aforesaid minor, was awarded to her mother, Lovine Alice Mott. In the decree the court expressly retained jurisdiction to make such further orders as to the custody of the child, as the court might deem proper.

On October 6, 1943, Lovine Alice Ingram filed a petition in said court at Mobile alleging in substance that J. L. Moss, before she was divorced, had custody of the child and had the custody at the time of filing the petition and was refusing to give the child to petitioner and threatening that if petitioner sought custody of the child, he would do bodily harm to the child. The petition further alleges in substance that petitioner signed some papers at Pascagoula, Mississippi, pertaining to the child, which she signed under compulsion, J. L. Moss threatening to kill petitioner and her mother if she did not sign the papers; that since that time petitioner has married George Gaston Ingram, lives with him in Mobile County, Alabama, and that he is earning a good salary and is able and willing to furnish petitioner and the child a decent home in moral surroundings. The petition prays for a temporary order for the child, pending hearing and final decree.

On the basis of the foregoing petition and the evidence offered in support thereof, the court issued an order directing the Sheriff to take possession of the child, alleged to be in the possession of J. L. Moss at Citronelle, Alabama, and place it in the custody of petitioner, its mother. The court further set the case down for hearing, ordered notice thereof to be given to J. L. Moss, and directed him to show cause why he should not be required to deliver permanent custody of the child to its mother, as previously decreed by the court in its decree of June 5, 1942.

J. L. Moss thereupon filed an answer to the foregoing petition alleging in substance that he loved the child, and treated her with the same love and affection as though she were his own child. In the answer he states that he is a fit and proper person to have her custody. He also denies that he has threatened the life of the minor or threatened to do her bodily harm. He alleges that by reason of a decree of adoption of the child entered by the Chancery Court of Jackson County, Mississippi, the matter is res adjudicata and the Circuit Court of Mobile County without jurisdiction. Copies of the decree of the Mississippi court and the proceedings on which it is based are attached to the answer. The decree of the Mississippi court and the salient features of the proceedings on which it is based will be set out in the report of the case.

The fitness of Lovine Alice Ingram to have the custody of her child is sharply disputed. Likewise the fitness of J. L. Moss to have the custody of the child is seriously questioned. A great deal of evidence on these issues was introduced by both sides. No good purpose will be served by setting it out in detail. The welfare of the child is the paramount question. Suffice it to say that the shortcomings of the mother, if any, were prior to her first marriage. She is twenty-eight years of age and appears to be married now to a good man who will provide adequate support for both mother and child. And the mother, who is well regarded by her neighbors, appears to realize the responsibilities and duties of parenthood and desires to live up to them. Omitting for the moment the matter of the Mississippi decree, the mother is clearly entitled to her own child, as against the stepfather of the mother. Chandler v. Whatley, 238 Ala. 206, 189 So. 751; McLellan v. McLellan, 220 Ala. 376, 125 So. 225; Fort v. Fort, ante, p. 83, 18 So.2d 870; Murphree v. Hanson, 197 Ala. 246, 72 So. 437.

But a copy of the aforesaid decree of the Mississippi court rendered on the 15th day of June, 1943, and the proceedings on which the decree was based, authenticated according to the Acts of Congress, were introduced in evidence. It is insisted that giving to this decree of the Mississippi court the full faith and credit to which it is entitled under the Constitution of the United States, article 4, § 1, the right to the custody of the child is res adjudicata and that appellant, J. L. Moss, the adoptive parent, is entitled to have the custody of the child. This position is not tenable.

The decree of the Circuit Court of Mobile County was rendered prior to the decree of the Mississippi court. While it was not necessary to do so (Porter. v. Porter, 216 Ala. 169, 112 So. 646), the Alabama court, as if to emphasize the matter, expressly retained jurisdiction to make further orders relating to the custody of the child. The child became a ward of the Alabama court (Hayes v. Hayes, 192 Ala. 280, 68 So. 351) and jurisdiction of the Alabama court over the child does not terminate until the purposes for which it took jurisdiction have been fulfilled. State v. Black, 239 Ala. 644, 196 So. 713. Assuming for the moment that the decree of the Mississippi court is an adjudication as to the welfare of the child, the Mississippi court could not rightfully assume jurisdiction, because the Alabama court had already taken jurisdiction and still had jurisdiction. Even if it be conceded that the mother voluntarily gave her consent to the adoption in the Mississippi court, the mother's right to the custody of the child was subservient to the power of the Alabama court by whose decree she obtained her right. In the case of State v. Black, supra, this court quoted with approval from the decision of the Michigan court in Maclean v. Speed, 52 Mich. 257, 18 N.W. 396, in which that court said: "It is a familiar principle that when a court of competent jurisdiction has become possessed of a case its authority continues, subject only to appellate authority, until the matter is finally and completely disposed of, and no court of co-ordinate authority, is at liberty to interfere with its action. The principle is essential to the proper and orderly administration of the laws; and while its observation might be required on the grounds of judicial comity and courtesy, it does not rest upon such consideration exclusively, but is enforced to prevent unseemly, expensive, and dangerous conflicts of jurisdiction and of process." [239 Ala. 644, 196 So. 715.]

The case of State v. Black, supra, involved a dispute over the custody of a child. The New York court in appropriate proceedings "had passed upon the best interest of the child in awarding her to the custody of the mother." This court in giving full faith and credit to the New York decree said: "Because the child was brought back into Alabama in violation of a judgment of the court of New York which had jurisdiction in that connection, and because that court had jurisdiction also to make any change in the order for the custody of the infant, this court will not now interfere with an exercise by that court of such jurisdiction." State v. Black, supra. (Emphasis ours.)

The case at bar must not be confused with those cases where the parent, to whom has been granted the custody of the child, and the child change their domicile to another state. See Dorman v. Friendly, 146 Fla. 732, 1 So.2d 734, a Florida decision, and the authorities therein collected. In the case at bar there is nothing to show that appellee became a resident of Mississippi. The allegation in the petition filed in the Mississippi court that "minor petitioner's mother has gone to some place in the West" is neither an allegation showing abandonment of her domicile in Alabama nor change of her domicile to another state. Ex parte State ex rel. Altman, 237 Ala. 642, 188 So. 685. The allegations of the petition filed in the Mississippi court, that the child was in the custody of J. L. Moss in Mississippi, are not sufficient to deprive the Alabama court of jurisdiction. There is nothing to show that intervention by the Mississippi court was necessary for the welfare of the child.

In Finlay v. Finlay, 240 N.Y. 429, 148 N.E. 624, 625, 40 A.L.R. 937, Mr. Justice Cardozo said for the court: "The jurisdiction of a state to regulate the custody of infants found within its territory does not depend upon the domicile of the parents. It has its origin in the protection that is due to the incompetent or helpless. Woodworth v. Spring, 4 Allen, Mass., 321, 323; White v. White, 77 N.H. 26, 86 A. 353; Hanrahan v. Sears, 72 N.H. 71, 72, 54 A. 702; In re Hubbard, 82 N.Y. 90, 93. For this, the residence of the child suffices, though the domicile be elsewhere. In re Hubbard, supra. But the limits of the jurisdiction are suggested by its origin. The residence of the child may not be used as a pretense for the adjudication of the status of parents whose domicile is elsewhere, nor for the definition of parental rights dependent upon status. * * * Parents so situated must settle their controversies at home. Our courts will hold aloof when intervention is unnecessary for the welfare of the child." State v. Black, supra. The domicile of the appellee is the domicile of her child. 28 C.J.S., Domicile, § 12, pp. 21, 22.

On the same reasoning by which this court gave full faith and credit to the New York decree in State v. Black, supra, this court will decline to accord recognition to the Mississippi decree in the case at bar, in so far as to give the custody of the child to J. L. Moss. J. L. Moss should have sought a change of custody of the child at the hands of the Alabama court, of which the child was a ward, and not by decree of the Mississippi court through the consent of the mother.

In view of the conclusion which we have reached as stated above, we find it unnecessary to proceed further with an analysis of the Mississippi decree to determine whether or not it is an adjudication that the custody of the minor child by J. L. Moss is for the best interests and welfare of the child. "As the adoptive parent, however, succeeds to no greater right than the natural parent originally had, this right of custody is not so absolute but that it will be disregarded when the welfare of the child clearly requires it." 2 C.J.S., Adoption of Children, § 56, p. 447. See Murphree v. Hanson, supra. Let it be understood that we are placing no construction on the Alabama statutes relating to adoption of children (§ 1 et seq., Title 27, Code of 1940), as these statutes are not before us.

The decree of the lower court is affirmed.

Affirmed.

GARDNER, C. J., and THOMAS and FOSTER, JJ., concur.