30 So.2d 386

LITTLE v. LITTLE.

1 Div. 275.

Supreme Court of Alabama.

May 1, 1947.

[1] Ante, p. 136.

Hybart & Chason, of Bay Minette, for appellee.

D. R. Coley, Jr., of Mobile, for appellant.

FOSTER, Justice.

The primary question on this appeal relates to the jurisdiction of the Circuit

Court, in Equity, of Mobile County to award the custody of a girl child of the parties, who is seven years old.

The suit was begun November 18, 1943, by the wife by filing a bill in equity in Mobile County, praying for a divorce and for the custody of the child, alleging abandonment by respondent of complainant in May, 1941. On August 17, 1944, she filed an affidavit that respondent entered the military service of the United States in 1942, and is located in Florida at the Pinellas Army Base at St. Petersburg. On September 16, 1944, respondent made a special appearance questioning the sufficiency of the affidavit in respect to his military service. And on the same day, respondent by his counsel filed a special and limited appearance calling attention to the fact that he is in the Armed Services, and not in position to defend his suit, and moved the court to hold in abeyance any action relative to the same until such time as he may be discharged from the Army.

Nothing appears to have been done in respect to the case so far as the record shows until August 9, 1946, when an answer and cross-bill was filed by the respondent seeking divorce from the complainant on the ground of abandonment of him by her, and alleging that the complainant had carried the child from place to place without letting him know where she was living, and where the child was being kept, and refused to let him visit the child, and that he is a fit person to have the care and custody of the child; and she has left it with her mother, and has not properly looked after and cared for her. He seeks a divorce and the custody of the child.

On September 6, 1946, the complainant by her solicitor filed an answer to the cross-bill denying its material allegations, and praying for a hearing of the cause, and that a decree be rendered divorcing her from the respondent, and granting to her the custody of the child. On September 20, 1946, the respondent, cross-complainant, made a motion to set the cause down for trial. Thereupon the court ordered it set for October 8, 1946, and on that day, the complainant and cross-re-

spondent filed a plea to the jurisdiction of the Mobile Circuit Court, in Equity, on account of matters therein alleged to have occurred in Louisiana with respect to the custody of the child in so far as the cross-bill of respondent is concerned, and praying that the cross-bill be dismissed. On that day, October 8, 1946, there appears an order to the effect that the cause is submitted on defendant's plea in abatement, and upon being considered, it is ordered that said plea be and it is hereby refused; and on the same day the complainant caused an order to be made dismissing her original bill.

From the final decree granting relief to respondent on his cross-bill by dissolving the bonds of matrimony, and awarding to him the custody of the child, the complainant appeals and assigns, among others, the ruling of the court refusing the plea in abatement filed by complainant and cross-respondent.

No question is here raised as to the manner in which the sufficiency of the plea is submitted and determined, or the fact that it is a plea in bar, and not in abatement, as is termed by the order of the court. The proper method of testing the sufficiency of a plea is to set it down for hearing and have the court make an order as to whether it is sufficient. Bullen v. Bullen, 231 Ala. 192, 163 So. 89.

Notwithstanding the informality of the order with respect to this plea, we will treat it as the parties do, holding that it is a compliance with the rule fixing the manner in which its sufficiency must be tested in equity.

It appears from the plea that since the filing of the bill of complaint, complainant was compelled to remove her residence from Alabama, and then became a resident of Louisiana because she was forced to work, and her mother lived there in New Orleans where she had worked previously, and the child was left with the actual care of her mother in New Orleans while she did her work. That the child has been in their custody in New Orleans, and within the jurisdiction of that court since she removed to Louisiana, and is no longer in the state of Alabama, and never has been since

the filing of the answer and cross-bill by the respondent; and that on July 29, 1946, which was prior to the filing of the cross-bill by respondent in Mobile County, the respondent filed a petition in the Civil District Court of the Parish of Orleans, alleging the facts as to their relationship and the abandonment of him by his wife, and that the wife had recently left New Orleans and established a permanent home in Los Angeles, leaving the custody and care of the child with Mrs. Franklin, his wife's mother, who is a resident of New Orleans, and who then had the custody of the child, and that the child is not being properly cared for; and that he was discharged from the Army in December 1945, and he desired to have the care and custody of his child, and the respondent, who is Mrs. Franklin, has refused to return her to him, and she is presently being detained and deprived of her liberty by Mrs. Franklin, and that Mrs. Franklin is planning to move to Mississippi, taking the child with her, and thus removing her from the jurisdiction of the courts of Louisiana. He prays for a writ of habeas corpus, and upon a hearing that the child be released and restored to liberty and returned to him, and that a restraining order be entered enjoining Mrs. Franklin from removing the child from the jurisdiction of the court. Upon that petition a restraining order was made and executed, and habeas corpus issued.

Before the hearing was had on the petition, the complainant in the case in Alabama, the wife of respondent through her counsel, filed a petition in the Civil District Court of the Parish of Orleans, setting up the same facts with respect to their family relationship and the child, alleging that her husband was not a fit person to care for the child (he then did not have her custody), and that she is entitled to the permanent care and custody of the child, which she then had, and entitled to alimony and support of the child, and prayed for a decree of separation a mensa et thoro, and awarding her the care and custody of the child and permanent alimony.

On September 18, 1946, the respondent, her husband, by his counsel, filed a special appearance for the purpose of objecting to the rule to show cause seeking the custody of the minor child on the ground that the court had no jurisdiction of the matter, without giving any details as to why the court had no jurisdiction, and praying that the matter be dismissed.

On September 26, 1946, the court took jurisdiction as to the temporary care and custody of the child, and appointed the complainant, its mother, as the custodian pending the final disposition of the exceptions filed to the jurisdiction of the court; and on September 30, 1946, on motion of said complainant, the court ordered that both proceedings, towit, the petition of Mrs. Little for divorce a mense et thoro and the custody of the child, and the petition of Mr. Little against Mrs. Franklin for habeas corpus, "be and they are hereby consolidated." Compare Ex parte Bates, 247 Ala. 391, 24 So.2d 421. No further action has been taken in Louisiana with respect to those matters, and the plea of complainant to the cross-bill filed in Mobile is based upon those matters, the contention being that the child having been carried by the complainant to Louisiana, and residence having been established there, the jurisdiction of the Mobile Circuit Court was thereby destroyed, and the jurisdiction of an appropriate Louisiana court was established. Compare Ex parte White, 245 Ala. 212, 16 So.2d 500.

Having held the plea to be insufficient, the Mobile Circuit set the cause down for hearing on the cross-bill and on the answer to the cross-bill, which the complainant had previously filed and testimony given in open court. On that hearing, the cross-complainant offered witnesses: the cross-respondent, who is the original complainant, was represented by counsel who cross-examined those witnesses, but offered no testimony, and neither she nor the child was personally present so far as the record shows.

So that, as we noted at the outset, the primary questions is whether or not the Alabama court, in equity, continued to have jurisdiction with respect to the custody of the child.

Upon consideration of that question, we have to take the allegations of the

plea as being true. The most favorable aspect to the complainant is that her husband being in the Army, and no allotment having been made for her on account of his service, she was compelled to work and to go to New Orleans for that purpose, and carried the child with her and there established a residence. The plea does not allege or deny that she has left New Orleans to go to Los Angeles, as is alleged by her husband in one of his pleadings. So for the purpose of determining the sufficiency of the plea, we will presume that the residence of Mrs. Little with the child continued in New Orleans.

The question presents a very interesting inquiry, since there are two principles involved, which, on first appearance, seem to be conflicting, but which, of course, cannot be conflicting when properly analyzed. The first principle is that jurisdiction of the court in Alabama, when once acquired, cannot be defeated by subsequent events, notwithstanding their character would have prevented jurisdiction originally attaching.

We have held that when a decree is entered awarding the custody of a child in an equity court in Alabama, jurisdiction remains with that court, and the fact that the child may have later established a residence in some other county of the State does not deprive the court in the county which rendered the decree from modifying it on account of occurrence of subsequent events, holding that the subsequent change of domicile of the child does not serve to defeat the jurisdiction of the court in the county where the decree was rendered, and does not confer on the court in the county where the child had become a resident jurisdiction to make such a modification. Lassiter v. Wilson, 207 Ala. 669, 93 So. 598; Wright v. Price, 226 Ala. 468, 147 So. 675; Ex parte Fletcher, 225 Ala. 139, 142 So. 30; Burns v. Shapley, 16 Ala.App. 297, 177 So. 447. In those cases there was no showing made of an emergency as to the welfare of the child which was sufficient to call into being the jurisdiction of a court where it was then residing.

The other principle of law which bears directly upon that question is that the juris-diction of the state to regulate the custody of infants found within its territory depends upon their needs then and there existing. "It has its origin in the protection that is due to the incompetent or helpless. * * * (But) the residence of the child may not be used as a pretense for the adjudication of the status of parents whose domicile is elsewhere, nor for the definition of parental rights dependent upon status. * * * Parents so situated must settle their controversies at home. Our courts will hold aloof when intervention is unnecessary for the welfare of the child." Finlay v. Finlay, 240 N.Y. 429, 148 N.E. 624, 625, 40 A.L.R. 937, by Mr. Justice Cardozo.

We call attention in that connection to a very recent case of the United States Supreme Court of People of State of New York ex rel. Halvey v. Halvey, 67 S.Ct. 903, relating to a situation where a court of Florida having jurisdiction, awarded the custody of a child to the mother, the father and mother having previously resided in New York. The mother had left New York without her husband's consent and went to Florida, and established her residence there. On the day before the Florida decree was rendered, the husband without the knowledge or approval of the wife took the child back to New York. Habeas corpus proceedings were instituted in New York by the mother with respect to its custody, and the Court observed that under the Florida law the Florida court, which had rendered the decree, had the right to modify it in respect to the custody of the child, and that since it was in New York, and both parties were before the court in New York, that court had the same right to modify the Florida decree which the Florida court had for the welfare of the child.

The power of the New York court is very broadly declared. But it is consistent with the underlying principle that the reason why the New York court had jurisdiction under the circumstances is the immediate welfare of the child found in its territory. For such a "court will hold aloof when intervention is unnecessary for the welfare of the child." Finlay v. Finlay, supra; Moss v. Ingram, 246 Ala. 214, 20 So.2d 202.

The petition filed by complainant in Louisiana does not show that the custody of the child is not in good hands or that her present welfare needs the interposition of a court. She is where complainant placed her, and complainant is not seeking to show that her welfare is such as to call into being the jurisdiction of the Louisiana court, but it is to settle parental controversies as to her custody.

We have had occasion in some of our cases to consider this question as applied to different states. State v. Black, 239 Ala. 644, 196 So. 713, and Moss v. Ingram, 246 Ala. 214, 20 So.2d 202. In the Black case the ruling was based on the fact that a decree awarding the custody of the child had been rendered in New York, and the child was wrongfully brought to Alabama in violation of the judgment of that court in order to confer jurisdiction on the Alabama court, holding that under those circumstances the court of New York, which rendered the judgment, had the right to modify its terms, and on the principle of comity, the courts of this State will not do so. There was no occasion to protect the child from unfavorable surroundings in Alabama.

In the case of Moss v. Ingram, supra, the Circuit Court of Mobile County, in Equity, had rendered a decree awarding the custody of a minor child to its mother. It appears from the pleading in the case that J. L. Moss, the stepfather, later had the custody of the child in Mississippi. It also appeared that he had, after the Mobile court rendered the decree, filed adoption proceedings in the chancery court in Mississippi, whereby it was adopted by him, and also that he now has its custody in Mobile, Alabama, by virtue of said proceedings. The question in that case was whether the adoption proceedings in Mississippi, which did not involve the child's immediate welfare, had any influence upon the decree in Alabama which had awarded its custody to the mother. Upon the basis of the Black case, supra, this Court applied the principle that when a court of competent jurisdiction has become possessed of a case, its authority continues subject only to appellate authority until the matter is finally and completely disposed of, and no court of co-ordinate authority is at liberty to interfere with its

action. This Court in that case pointed out a difference in that holding and the principle declared in the Finlay case, supra, as well as in others, on the theory that in the latter cases there was not only a change of residence of the child to another state, but in the other state a situation had arisen whereby its welfare there demanded intervention by a competent court.

And in Burns v. Shapley, 16 Ala. App. 297, 77 So. 447, 451, habeas corpus in an Alabama court was sought by the mother of the child against the father who had it in Alabama. The Montana court had awarded it first to the father and after he had carried the child to Alabama, then to the mother. The father had carried it off in violation of the decree. The Alabama Court observed: "The courts of this state, recognizing the sovereign authority of the state of Montana in respect thereto, as a matter of comity, will refuse to deal with the question relating to the future welfare of the children." And as in the Black case, supra, on that principle gave effect to that decree. But such failure to inquire into the matter in Alabama was not in that case, because the courts in Alabama did not have the power to do so for the welfare of the child, since the child was in its jurisdiction, but recognizing the principle of comity would not do so on the showing made in that case. That is consistent with Halvey v. Halvey, supra, to the effect that the Alabama court had the power and jurisdiction to do so if it was found to be presently needful for the welfare of the child. And it supports the principle that Montana continued to have jurisdiction, although the child was not then in its physical power. As pointed out in the dissenting opinions in the Halvey case, supra, this concurrent jurisdiction may cause confusion. Certainly one ought to yield to the other so as not to precipitate a conflict. Cooper v. Cooper, 210 Ala. 13(7), 97 So. 66. Just when one should do so ought to depend upon the immediate and urgent welfare of the child. When jurisdiction attached in Alabama, that court had the power to continue with it, notwithstanding the child was removed to another state. 27 C.J.S., Divorce, § 303, note 67, p. 1164; Minick v. Minick, 111 Fla. 469, 149 So. 483; Burns v. Shapley, supra;

150

State v. Black, supra; Moss v. Ingram, supra.; Halvey v. Halvey, supra.

The petition for habeas corpus and injunction by respondent was against Mrs. Franklin, who was the mother of complainant Mrs. Little, and while it did seek immediate action by the court looking to the welfare of the child, it was also to prevent her from being taken to another state. That proceeding was not directed against Mrs. Little, the complainant, who was not a party to it and who is alleged in it to have moved to Los Angeles, California. Its purpose could only be for temporary relief in so far as the matter affected Mrs. Little. It was filed July 29, 1946, and on August 9, 1946, he filed his cross-bill in Alabama in the suit there pending. On August 8, 1946, the petition in Louisiana on behalf of Mrs. Little was filed, and he plead to the jurisdiction of that court on September 18, 1946.

It is apparent that his petition in Louisiana against Mrs. Franklin did not affect the jurisdiction of the Alabama court in the parental controversy there pending. In Louisiana he was seeking apparently to hold the child as against Mrs. Franklin to respond to the Alabama decree when rendered.

The petition of Mrs. Little, as we have shown, does not invoke the power of the Louisiana court for the welfare of the child then unfavorably situated. It is no more than an effort on her part to transfer to the Louisiana court jurisdiction which by her voluntary act she had previously conferred on an Alabama court. She cannot defeat the jurisdiction of the Alabama court simply by removing with the child to another state, and there instituting another suit for the same purpose.

We think that is the correct view of the situation here presented, and that the court was correct in holding that the plea to the juridiction of the Alabama court was insufficient.

On the merits of the case and on the evidence taken before the trial court, we think his decree is well supported and it is affirmed.

Affirmed.

GARDNER, C. J., and LAWSON and STAKELY, JJ., concur.