35 So.2d 507

**Ex parte STATE ex rel. McLAUGHLIN.**

**6 Div. 715.**

Supreme Court of Alabama.

May 13, 1948.

Benners, Burr, Stokely & McKamy and Jas. R. Forman, Jr., all of Birmingham, for petitioner.

Frank L. Parsons, of Birmingham, for respondent.

GARDNER, Chief Justice.

This is a mandamus proceeding seeking to correct an alleged erroneous ruling of the trial court in striking a non-resident defendant's special appearance plea to the jurisdiction of the court in suit concerning the custody of a child.

 That the appropriate remedy has been pursued appears to be conceded by counsel for the respective parties who are desirous of a decision on the merits. Ex parte Weissinger, 247 Ala. 113, 22 So.2d 510; Ex parte Cullinan, 224 Ala. 263, 139 So. 255, 81 A.L.R. 160; Ex parte Tower Mfg. Co., 103 Ala. 415, 15 So. 836.

It appears that in January 1944, Jewel Bunn Jennette obtained in the Jefferson County, Alabama Circuit Court, in Equity, an absolute divorce from her husband, John R. Jennette, wherein complainant, the mother, was awarded the custody of their son then only nine months of age. The marriage was in October, 1937, and prior to the divorce decree a financial settlement was reached and the husband has continued to make contributions for the support of the son Jay. The divorce proceeding was unresisted and within a period of sixty-five days after the rendition of the decree complainant in the divorce action had moved to Atlanta, Georgia, and remarried and is now so residing with her present husband J. J. McLaughlin. At the time of the divorce the Jennettes were residents of Birmingham, Alabama, where John R. Jennette now resides, he having himself remarried.

In April 1947, the son Jay reached the age of four years and on many occasions John Jennette and the boy have exchanged visits with pleasant results. But of late the mother Mrs. McLaughlin now interposes objections, prevents such visits and instructed the boy's father to discontinue contributions to his son. Both homes are entirely suitable and proper for the boy.

The foregoing is the substance of a petition filed by John R. Jennette in Jefferson County Circuit Court, in Equity, where the divorce decree was rendered, and wherein he seeks a modification of the final divorce decree directing his former wife, now Mrs. McLaughlin, to permit him to visit his minor son at suitable times and on suitable occasions, and likewise to permit the son to visit him in Birmingham at such times and under such conditions as may be specified by the court.

Mrs. McLaughlin was duly served with notice by registered mail as provided in Equity Rule 5, subd. 2(b), Title 7, p. 1041, Code of Alabama, 1940. Mrs. McLaughlin made a special appearance, filing a motion to quash this service based upon the contention that the circuit court in Birmingham is without jurisdiction to hear and determine any matter or petition to modify the former decree. This motion was based upon the admitted fact that both Mrs. Mc-

Laughlin and the son now reside in Atlanta, Georgia. Questions of the nature here presented have been the subject of much discussion by the courts with varying results. 27 C.J.S., Divorce, § 317, page 1187; Note 171 A.L.R. p. 1405, et seq. Some of the courts of final resort, illustrated by the case of Dorman v. Friendly, 146 Fla. 732, 1 So. 2d 734, rested denial of jurisdiction upon the theory that the child is not present and that therefore the court lacks jurisdiction of the subject matter. However, as we view the matter such a holding is contrary to the weight of authority. In 27 C.J.S., Divorce, § 317, page 1187, such is the holding of the above cited text supported by the authorities found in the notes. But we find no occasion here for any exhaustive consideration of the numerous decisions touching this troublesome question.

In Little v. Little, 249 Ala. 144, 30 So. 2d 386, 390, 171 A.L.R. 1399, the question there treated was very similar in important particulars to that here presented. There, as here, the child was without the territorial limits of the state of Alabama and in Louisiana, where it had established a residence with that of the mother. The plea of the mother to the jurisdiction of the court was denied, and the decree rendered was here affirmed. We there recognized that there may be concurrent jurisdiction which may cause confusion, but that one should yield to the other so as not to precipitate a conflict. There is here involved no question of immediate emergency as to this child that could give rise to any conflict of jurisdiction. In the Little case, supra, it was observed:

"Just when one should do so ought to depend upon the immediate and urgent welfare of the child. When jurisdiction attached in Alabama, that court had the power to continue with it, notwithstanding the child was removed to another state."

We have long recognized this rule as to the different counties of the state of Alabama, to the effect that when a decree is rendered awarding the custody of a child in the equity court of Alabama jurisdiction remains with that court, and the fact that the child may have later established a residence in some other county of the state

does not deprive the court in the county which rendered the decree from modifying it on account of occurrance of subsequent events. The subsequent change of domicile of the child does not serve to defeat the jurisdiction of the court in the county where the decree was rendered. Such was the rule in Lassiter v. Wilson, 207 Ala. 669, 93 So. 598, and other authorities cited in the Little case, supra.

■ The changed condition to which our authorities speak is not necessarily confined to subsequent events but may include matter that was discovered though not disclosed when the original decree was entered. But in all our cases the welfare of the child is, of course, the question of paramount importance. Roebuck v. Hooie, Ala.Sup., 34 So.2d 460;[1] Greene v. Greene, 249 Ala. 155, 30 So.2d 444; Moss v. Ingram, 246 Ala. 214, 20 So.2d 202; State v. Black, 239 Ala. 644, 196 So. 713.

■ We noted in Little v. Little, supra, the very recent case of New York ex rel. Halvey v. Halvey, 330 U.S. 610, 67 S.Ct. 903, 91 L.Ed. 1133, in which we interpreted the opinion to mean that the husband in that particular case (the case arose from the New York courts) could have applied under the Florida decisions for a modification of the decree to grant to him the right of visitation, if he had made such application to the Florida court. Though the decree in the instant case did not specially so provide, yet as pointed out in a number of our decisions, among the latest being Moss v. Ingram, supra, this was not necessary as the Alabama Equity court once having assumed jurisdiction the child became a ward of that court and the jurisdiction over the child does not terminate until the purpose for which it took jurisdiction had been fulfilled. The U. S. Supreme Court in Halvey v. Halvey, supra, merely held that the New York court had the authority to enter an order of modification in the same manner as would the Florida court, and that of con-

sequence the full faith and credit clause of the Constitution was in no manner violated.

As counsel for petitioner has so ably pointed out questions of this character present much difficulty, as indeed all matters of custody of children are of a very delicate nature. But in view of what has been said in Little v. Little, supra, we feel further discussion is here unnecessary.

■ In the Halvey case, supra, the opinion quoted approvingly the following observation, here applicable [330 U.S. 610, 67 S.Ct. 905]:

"The inherent rights of parents to enjoy the society and association of their offspring, with reasonable opportunity to impress upon them a father's or a mother's love and affection in their upbringing, must be regarded as being of an equally important, if not controlling, consideration in adjusting the right of custody as between parents in ordinary cases."

As we read the petition of the father in the instant case this is the extent to which it goes, and to that end and to that end only he seeks a modification of the decree, so that the visitations heretofore made may be continued. If there be apprehension for the return of the child should visitation be permitted in Alabama, perhaps the court would have authority to require of the father a surety bond for the safe return of the son, as was done by the New York court in Halvey v. Halvey, supra. But these are matters that are not here now to be properly considered.

■ The only question presented is that of jurisdiction. We are persuaded that the Alabama court has jurisdiction; that the trial court properly ruled, and that the writ of mandamus should be here denied. It is so ordered.

Writ denied.

FOSTER, LAWSON, and STAKELY, JJ., concur.

---

[1] Ante, p. 363.