35 So.2d 359

**JENKS v. BROWN.**

**6 Div. 726.**

Supreme Court of Alabama.

May 13, 1948.

Roy D. McCord and Arthur Burns, both of Gadsden, for appellant.

J. T. Johnson, of Oneonta, for appellee.

GARDNER, Chief Justice.

Appellant filed this bill in the Circuit Court of Blount County sitting in Equity for the custody of her son, now eight years of age. From the decree denying relief she prosecutes this appeal.

Complainant and defendant Dennis Brown were married in October 1937, and a decree of divorce was entered in said Blount County Circuit Court August 1, 1944. The child here in question is the only child born of their wedlock. The divorce was sought by the complainant and unresisted by the defendant husband. Both the bill and the decree were entirely silent as to the custody of this child, who has since that time remained in the father's care and custody. The mother, this complainant, has moved to Talladega, remarried and works during the day. Her husband also has regular work and the two evidently earn a comfortable living and are people of good character. But so is the father and the wife whom he also subsequently married. During the absence from her home while at work complainant leaves her child by the second marriage, now about two years of age, in charge of a neighbor, against whom nothing can be said. The mother states she is anxious for the son's education and perhaps is naturally ambitious for him. But it may be said that at the school he is now attending it appears he is making good progress. Neither of these parties own their own home. Complainant and her husband live in a two room house. Defendant and his wife live in the rural section, he cultivating a farm. To grant complainant relief she seeks would be to uproot the

boy from his present surroundings and cause him to make a complete re-adjustment both in that respect and with a step-father with whom he is clearly not at all well acquainted. The proof is undisputed the boy is well cared for, being sent to school, is happy in his present home and both loves and is loved by his present step-mother.

The trial judge gave study to the proof and wrote a helpful opinion. In the decree rendered he dismissed complainant's bill and granted defendant, on his cross-bill, the custody of the boy. But he provided visitation by the mother at reasonable times and to take the child on short visits not to exceed two weeks during the summer months.

 The trial court recognized the generally accepted rule that the welfare of the child was the question of paramount consideration. Roebuck v. Hooie, Ala.Sup., 34 So.2d 460;[1] Greene v. Greene, 249 Ala. 155, 30 So.2d 444; Moss v. Ingram, 246 Ala. 214, 20 So.2d 202, a question often difficult to determine. But we feel that the trial court has here reached a proper conclusion, and that the decree rendered should be affirmed. It is so ordered.

Affirmed.

FOSTER, LAWSON and STAKELY, JJ., concur.