38 So.2d 853

**FERGUSON v. STATE ex rel.**

**FERGUSON v. FERGUSON et al.**

6 Div. 739, 740.

Supreme Court of Alabama.

Feb. 17, 1949.

W. L. Longshore, of Birmingham, for appellant.

**646**

Morel Montgomery and Wm. Conway, both of Birmingham, for appellee.

STAKELY, Justice.

The fundamental question presented on this appeal relates to the jurisdiction of the Circuit Court of Jefferson County, in Equity, to award the custody of a girl three years old, the child of the parties to this cause.

Howard Ferguson (appellant), a resident of Portsmouth, Virginia, married Margaret Boarman (Ferguson) on ˙November 29, 1943, in Birmingham, Jefferson County, Alabama. Margaret Boarman Ferguson went to Virginia to live with her husband and became a resident of the State of Virginia and continued to be a resident there living with Howard Ferguson as his wife. Prior to October 3, 1945, a child, Patricia Lee Ferguson, was born and on the 3rd of October, 1945, while Margaret Boarman Ferguson was a resident of the State of Virginia, she filed a suit for divorce in Norfolk County, Virginia, against Howard Ferguson on the ground of cruelty and in her suit asked for the custody of the child. A hearing was had on the original bill filed by Margaret Boarman Ferguson and on·the cross-bill filed by Howard Ferguson, oral testimony being taken before the court on the 3rd day of December, 1945. After the testimony was taken as aforesaid and before the court rendered a decree Margaret Boarman Ferguson left the State of Virginia and brought the child to the State of Alabama and took up residence with her parents in Birmingham, Alabama.

Tendencies of evidence show that after the suit for divorce was filed in the State of Virginia and after the testimony was taken on December 3, 1945 in that proceeding, Howard Ferguson assaulted Margaret Boarman Ferguson and threatened both her and the child and as a result of fear of bodily harm to herself and·her child thereby created, the mother brought the child with her to Birmingham on December 13, 1945. At that time the child was six months of age.

On the 14th day of February, 1946, the Circuit Court of Norfolk County, Virginia, rendered a decree in the aforesaid proceedings. In that decree the court found that Margaret Boarman Ferguson was not entitled to the relief prayed for in her bill but rendered a divorce a mensa et thoro in favor of Howard Ferguson and provided in the decree that Margaret Ferguson should have the care and custody of the child for six months beginning December 3, 1945, and that Howard Ferguson should have the custody of the child for six months to begin six months from December 3, 1945, alternating the custody each six months thereafter.

On July 8, 1947, Howard Ferguson filed a petition in the Juvenile and Domestic Relations Court of Jefferson County, Alabama, seeking the custody of the child. Tendencies of the evidence showed that on July 4, 1947, after he had come to Birmingham, Alabama, he had threatened to kill the mother and the child, as a result of which she instituted peace proceedings. The petition so filed alleged among other things that the child is a resident of Jefferson County, Alabama, that its domicile is with its mother in Jefferson County, Alabama, that the child is dependent, neglected and in need of the care and protection of the courts, its morals endangered as well as its health and welfare. The Juvenile and Domestic Relations Court

of Jefferson County, Alabama, rendered a decree giving full faith and credit to the decree of the court in Virginia and directing Margaret Boarman Ferguson to deliver the child to Howard Ferguson, the petitioner, to be returned to the jurisdiction of the Circuit Court of Norfolk County, Virginia. Margaret Boarman Ferguson thereupon took an appeal to the Circuit Court of Jefferson County, in Equity, and there the case was tried de novo with the witnesses testifying orally before the court.

After the case was tried in the Juvenile and Domestic Relations Court of Jefferson County and before it was tried in the Circuit Court, in Equity, a decree was rendered in the cause filed in Virginia granting Howard Ferguson a final and absolute decree of divorce from Margaret Boarman Ferguson on the ground of desertion. The decree was dated October 10, 1947, and in addition to granting the divorce awarded the custody and control of the child to Howard Ferguson. The decree appears to be based on the evidence before the court when the decree of February 14, 1946, was rendered, plus a showing that Howard Ferguson had not cohabited with Margaret Boarman Ferguson since such decree.

On the hearing of the case before the Circuit Court of Jefferson County, in Equity, the aforesaid decrees of the Virginia Court were introduced in evidence and there was testimony introduced by Margaret Boarman Ferguson tending to show, in addition to what has been outlined, that she was a good mother and in every way suited to have the custody and control of the child, that the home of the mother and father of Margaret Boarman Ferguson where she and the child were living was conducive in every way to the good training and welfare of the child, that it was for the best interest of the child for her to have the custody of the child.

After the hearing in the Juvenile and Domestic Court of Jefferson County and while the appeal was pending in the Circuit Court of Jefferson County, in Equity, Howard Ferguson filed a writ of habeas corpus in the Circuit Court of Jefferson County, Alabama, seeking the custody of the minor child. This latter suit was consolidated with the prior suit for trial purposes and by agreement of counsel the suits so consolidated have been submitted here, it being agreed that the same question is involved in each suit, namely, the custody of the minor child, Patricia Lee Ferguson.

In its decree the Circuit Court of Jefferson County, in Equity, among other things, found that at the time Howard Ferguson filed his petition both mother and child were residents of Jefferson County, Alabama, and that "prior to the decree 'a mensa et thoro' rendered by the Circuit Court of Norfolk County, Virginia, February 14, 1946, Margaret Boarman Ferguson and her minor child, the subject matter of this cause, was caused as shown by the uncontradicted oral evidence before the court here, to flee the husband and the jurisdiction of the Circuit Court of Norfolk County, Virginia, and seek safe security for herself and child within the confines of the State of Alabama, Jefferson County."

In its final decree the Circuit Court of Jefferson County, in Equity, awarded the custody and control of the minor child, Patricia Lee Ferguson, to Margaret Boarman Ferguson, the mother of the child. This appeal is from that decree.

■ We are faced at the outset with the fact that the Virginia Court had jurisdiction to render its decrees and accordingly such decrees would ordinarily be entitled to receive full faith and credit in the courts of this state. State et al. v. Black, 239 Ala. 644, 196 So. 713. The mere fact that there was a subsequent change of domicile of the child does not serve to defeat the jurisdiction of the Virginia Court. Moss v. Ingram, 246 Ala. 214, 20 So.2d 202; State v. Black, supra.

■ But as pointed out in Little v. Little, 249 Ala. 144, 30 So.2d 386, 171 A.L.R. 1399, and in Ex parte State ex rel. McLaughlin, 250 Ala. 579, 35 So.2d 507, there is another principle which must be considered and that is that there may be concurrent jurisdiction, arising out of peculiar circumstances which may cause confusion, but that one jurisdiction should yield to the other so as not to precipitate a conflict. The peculiar circumstances to which we make reference are those circumstances

648

which create an emergency as to the immediate welfare of the child sufficient to call into being the jurisdiction of the court where the child was then residing. On this latter principle the Alabama court had the power to act if such action was found to be presently needful for the welfare of the child. Authorities supra. Such changed condition ·to which the authorities refer is not necessarily confined to subsequent events but may include matter that was discovered though not disclosed when the original decree was entered. Ex parte State ex rel. McLaughlin, supra.

In the case at bar according to the finding of the Circuit Court of Jefferson County, in Equity, we have a situation where the mother was forced to flee with the child to save not only herself but the child from bodily harm. She was forced to find refuge in the home of her father and mother in Jefferson County, Alabama, where she and the child resided when about two years later Howard Ferguson sought to secure the child. The record before us is meager, but it does not appear that the Virginia Court had before it the evidence with reference to the mother's flight with her child to this state and subsequent events in this state. We think the jurisdiction of the Alabama Court was brought into being and it had the power to render its decree awarding the custody of the child to its mother. Authorities supra.

Affirmed.

BROWN, FOSTER and LAWSON, JJ., concur.