82 So.2d 535

**John LUMPKIN**

**v.**

**W. F. MEEKS and Mildred Lumpkin.**

**7 Div. 289.**

Supreme Court of Alabama.

Sept. 22, 1955.

Chas. Thomason, Anniston, for appellant.

Merrill & Merrill, Heflin, for appellees.

MAYFIELD, Justice.

This is an appeal from a decree of the Circuit Court of Cleburne County, *in equity,* denying a *petition for writ of habeas corpus* to obtain custody of appellant's eight year old son.

The procedure in this case was unusual and somewhat irregular. The petition which purports to be for *habeas corpus* was filed *in equity,* with the register. For many years in Alabama, in proper cases, questions of custody have been determined by the dual method of petition in equity or habeas corpus. While it is fundamental that petitions for habeas corpus in the circuit court are filed with the clerk of that court and heard as actions at law, it is equally true that all matters affecting the custody of infants are inherent within the jurisdiction of chancery courts. Powell v. Johnson, 213 Ala. 259, 104 So. 525.

It should be observed that a petition for habeas corpus is addressed to the judge rather than to the court. Historically, a Chancellor had the power to issue writs of habeas corpus. While indisputably in Alabama habeas corpus is an appropriate remedy to determine the custody of children, such petitions are treated as actions at law.

In the instant case, both the court and the parties proceeded on the theory that it was proper to file the petition for writ of habeas corpus with the register in chancery and make an equitable proceeding out of this cause. We do not approve this procedure. However, this point was not raised in the lower court nor do the parties call it to our attention on this appeal. A somewhat similar situation was presented in the case of Berry v. Berry, 219 Ala. 403, 404, 122 So. 615, 616. The pleading in this cause was denominated a petition for a writ of habeas corpus. In this case Judge Brown said:

> "It appears, however, that the proceeding was treated as one in equity, the testimony taken ore tenus was reduced to writing, and all of the evidence was noted by the register as in equity cases. Allison v. Cox et ux., supra. This being the state of the case, and the jurisdiction of the court having been invoked by the appellant, he is not in a position to question the court's jurisdiction to proceed according to equitable principles. Hamilton v. Watson, 215 Ala. 550, 112 So. 115."

We have had recourse to the original record in the above cited case and find that although the pleading was denominated a petition for habeas corpus, the cause was filed with the register and treated throughout as an equitable proceeding.

We again approve the general rule that in proceedings to determine the custody of children, technicalities will be overlooked unless they are controlling. Glenn v. Glenn, 21 Ala.App. 148, 106 So. 226, certiorari denied In re Glenn, 214 Ala. 6, 106 So. 229. Further, whenever possible, causes should be reviewed by this court on the same issues that were presented to the trial court. Let it suffice to say that the petition in this cause was sufficient to invoke the jurisdiction of the equity court and as no objection was made below to the form of the petition and the parties submitted to the jurisdiction of the equity court, we will not avoid this proceeding on appeal.

The appellant John Lumpkin, the petitioner below, was formerly the husband of Mildred Lumpkin, one of the appellees. The other appellee, W. F. Meeks is the father of Mildred Lumpkin. Both John and Mildred Lumpkin are domiciliaries of the State of Georgia. They obtained a divorce on 9 April 1954, from the Carroll County Superior Court of Georgia. The divorce decree provided that Mildred Lumpkin have the custody of their minor child Larry Wayne Lumpkin, age seven, and that the father be required to contribute $15 weekly for his support and maintenance.

Approximately a month after the rendition of the decree of divorce in Georgia, Mildred Lumpkin brought the child to the home of her father in Cleburne County, Alabama. Since that time, the child has resided in the home of its maternal grandfather, W. F. Meeks, who is the other appellee in this cause.

In October, 1954, John Lumpkin filed his petition for writ of habeas corpus in the Carroll County Superior Court of Georgia seeking to obtain exclusive custody of his minor son. This petition was denied; the court, however, granted the custody of the child to John Lumpkin for one weekend each month so long as alimony payments were paid up to date.

■ The cause which we here review, was brought by the appellant to obtain custody of his child on the grounds that the child was not being properly cared for and the environment of the maternal grandfather's home in Alabama is not suitable or proper for a boy of tender and impressionable age. As to this contention, the Chancellor found otherwise in his decree. It is further contended by appellant that the placing of the child in the care of its grandfather is a sufficient change of circumstance to warrant a new decree by this court in reference to the custody of the child. The lower court, in denying the appellant's petition, stated:

"The Court is further of the opinion that the child, Larry Wayne Lumpkin, is being well taken care of and that no emergency exists as to the immediate welfare of the said child sufficient to call into being the jurisdiction of this court, and that any amending or changing of the divorce decree relating to the custody of the said child should be had before the court which rendered the original divorce decree."

The above finding of fact by the Chancellor, who heard the testimony ore tenus, comes to us with the force and effect of a jury verdict and can not be disturbed unless it is palpably wrong.

In Ferguson v. State ex rel., 251 Ala. 645, 647, 648, 38 So.2d 853, 855, wherein the contentions of the parties were similar to those in the instant case, this court said:

"We are faced at the outset with the fact that the Virginia Court had jurisdiction to render its decrees and accordingly such decrees would ordinarily be entitled to receive full faith and credit in the courts of this state. State v. Black, 239 Ala. 644, 196 So. 713. The mere fact that there was a subsequent change of domicile of the child does not serve to defeat the jurisdiction of the Virginia Court. Moss v. Ingram, 246 Ala. 214, 20 So.2d 202; State v. Black, supra.

"But as pointed out in Little v. Little, 249 Ala. 144, 30 So.2d 386, 171 A.L.R. 1399, and in Ex parte State ex rel. McLaughlin, 250 Ala. 579, 35 So.2d 507, there is another principle which must be considered and that is that there may be concurrent jurisdiction, arising out of peculiar circumstances which may cause confusion, but that one jurisdiction should yield to the other so as not to precipitate a conflict. The peculiar circumstances to which we make reference are those circumstances which create an emergency as to the immediate welfare of the child sufficient to call into being the jurisdiction of the court where the child was then residing. On this latter principle the Alabama court had the power to act if such action was found to be presently needful for the welfare of the child. * * *"

In this regard see, also, Sappington v. Fort, 258 Ala. 528, 531, 63 So.2d 591, 593, wherein this court refused to exercise jurisdiction where the facts fell "short of showing any emergency or unusual circumstances as would necessitate invoking the power of the equity court to protect the minor's welfare with utter disregard of the decree of the Oklahoma Court."

■ It is unquestioned that the Georgia court had jurisdiction of the parties and the marital res and that the original divorce decree is entitled to full faith and credit in Alabama. Likewise, appellant recognized the continuing jurisdiction of the Georgia courts as evidenced by his

proceeding for habeas corpus filed in Georgia in October, 1954 for the custody of his child. While we understand this father's deep concern for the welfare of his child, the evidence which he adduced at the trial fails to establish an emergency or unusual circumstance sufficient to invoke the jurisdiction of the Alabama courts. We find that the State of Georgia has continuing jurisdiction over this cause and that all petitions for a change of custody must be made to the courts of that state.

The appellant makes the further point that the decree discharging the writ of habeas corpus ordered that the child be remanded to the *custody* of Mildred Lumpkin and W. F. Meeks. It is obvious, that the trial court did not intend by this decree to vest the maternal grandfather, W. F. Meeks, with partial custody of the appellant's minor child, but was merely seeking to fully dispose of the writ of habeas corpus which it had formerly issued against the two respondents. For the sake of clarity and to spell out the clear meaning of the trial court, it is ordered that the reference to remanding the child to the custody of *W. F. Meeks* be deleted from the decree. The decree, as modified, is affirmed.

Modified and affirmed.

LIVINGSTON, C. J., and SIMPSON and GOODWYN, JJ., concur.