MARVIN, Judge.
When the non-resident natural father opposed the adoption of his children by their step-father, the juvenile court denied the step-father’s petition to adopt. The stepfather appeals, contending that the consent of the natural father is not necessary under L.R.S. 9:422.1.[1] We affirm.
The natural parents of the proposed adoptive children were residents of Alabama during their marriage. She married the step-father in Alabama shortly after the divorce in 1976 in which proceedings she was awarded custody and the father was ordered to pay $200 per month child support. In August 1978 the step-father moved with the mother and the children from Alabama to Shreveport and petitioned for adoption in 1979. The move to Shreveport was precipitated at least in part by a dispute between the mother and the father over the father’s visitation rights in Alabama.
About two months after the move to Shreveport, the natural father was granted a judgment by the Alabama court terminating its prior support award and changing custody of the children from the mother to the father. This judgment was signed October 31, 1978.
In 1979 the natural father sued the mother in the district court of Caddo Parish seeking to obtain physical as well as legal custody of his children and alternatively seeking specific visitation privileges. On October 17, 1979, the district court granted custody of the children to the mother and fixed specific visitation privileges for the father. On that same date the step-father filed his petition for adoption which was eventually denied by judgment of the juvenile court on July 2, 1980.
The step-father contends that the 1978 Alabama judgment changing custody from the mother to the father and terminating child support may be legally ignored and not given full faith and credit because the Alabama court did not then have jurisdiction. He asserts that the only Alabama judgment entitled to full faith and credit is the 1976 judgment which granted his wife custody and ordered the father to pay child support. He contends that the step-father’s consent to the adoption is not necessary because his wife had been granted custody by a court of competent jurisdiction (§ 9:422.1(1)) and because the non-resident *924 father failed to pay any child support for the one year period, October 15, 1978, to October 16, 1979 (§ 9:422.1(3)). The stepfather contends that under these circumstances the consent of the father is not necessary and is dispensed with by the express provisions of § 9:422.1. The step-father additionally argues that the father’s failure to pay child support was not due to reasons beyond the father’s control. In re Ackenhausen, 154 So.2d 380 (La.1963).
Our review of Alabama cases convinces us that the Alabama court had jurisdiction concerning the custody and welfare of these children when the 1978 judgment was rendered because that jurisdiction attached in the divorce proceedings in 1976 and continued at least through the date of the 1978 modification. This concept of continuing jurisdiction was recognized by Alabama courts in ex parte State ex rel McLaughlin, 250 Ala. 579, 35 So.2d 507 (1948); Little v. Little, 249 Ala. 144, 30 So.2d 386 (1947); Lassiter v. Wilson, 207 Ala. 669, 93 So. 598 (1922); Leigh v. Aiken, 54 Ala.App. 620, 311 So.2d 444 (1975); Fridge v. Fridge, Ala.Civ.App., 331 So.2d 737 (1976); Rickman v. Rickman, 266 Ala. 371, 96 So.2d 674 (1957).
Louisiana courts have likewise recognized that Alabama has continuing jurisdiction in cases such as this. See Legé v. Legé, 228 So.2d 202 (La.App. 3d Cir. 1969) and cases cited therein. The mother in Legó was permitted, however, to proceed in Louisiana to regain legal custody of her children as did the mother in these proceedings. See also Imperial v. Hardy, 302 So.2d 5 (La. 1974); Defatta v. Defatta, 352 So.2d 287 (La.App. 2d Cir. 1977).
In any event, it is beyond question that the Alabama court had authority to modify its own decree as to support owed by the father who was a resident of Alabama at all times. This record shows that the Alabama court noted in its judgment that the mother had received the 1978 petition and citation and that personal service had been made in accord with Alabama law as evidenced by her signature on the certified mail receipt. The mother admitted receiving and signing for such notice. We also observe that the father offered, and the mother declined, to accept two bank money orders totaling $400 as child support when the Caddo District Court gave her custody in its 1979 judgment. Under these circumstances, it cannot be said that the father “has failed to support” the children for the one year period as § 422.1(3) requires.
The juvenile court correctly determined that the consent of the father was necessary. At appellant’s cost, judgment is
AFFIRMED.

. “If the spouse of the petitioner is the legitimate parent of the child or if the petitioner is the grandparent or grandparents of the child, then the consent of the other legitimate parent is not necessary if the first and second or the first and third conditions exist:
“(1) The spouse of the petitioner or the grandparent or grandparents or the mother or the father have been granted custody of the child by a court of competent jurisdiction and
“(2) The other legitimate parent has refused or failed to comply with a court order of support for a period of one year or
“(3) The other legitimate parent is a nonresident of this state and has failed to support the child for a period of one year after judgment awarding custody to the mother or father or grandparent or grandparents.”