This is a domestic relations case. The mother seeks a writ of prohibition contending the Juvenile Court of Jefferson County is without "jurisdiction" in the instant case.
The parties to this case were divorced by the Circuit Court of Russell County in 1976. The mother was awarded custody of the minor child who was approximately one-year-old at the time of the divorce. The father was given reasonable visitation rights. Subsequent to the divorce, the father moved to Jefferson County and the mother moved to Lee County.
The pleadings, exhibits, and other documents before this court reveal the following.
In October 1983, while exercising his visitation rights in Birmingham, the father observed numerous bruises on various parts of the child's body. The father took the child to Children's Hospital in Birmingham for treatment. After an examination, law enforcement officials and the Department of Pensions and Security in Jefferson County (Department) were notified by the hospital of a suspected child abuse case. These officials investigated the matter and decided to take certain steps towards an official inquiry.
Meanwhile back in Russell County, the father had not returned the child from his *Page 309 
weekend visitation as required by the divorce decree, and the mother filed a petition to have the child returned to her custody. The trial court found the husband in contempt for failure to comply with the terms of the decree and ordered the sheriff to retrieve the child and return him to Russell County. Subsequently, the trial court rescinded its finding of contempt against the father.
Later on the same day that the mother filed her petition in Russell County, the Department filed a petition in the Juvenile Court of Jefferson County alleging that the child was a dependent who was being physically and mentally abused. The juvenile court entered an order placing temporary custody of the child with the father pending a hearing on the merits.
The mother has now filed a writ of prohibition with this court seeking to prevent the Juvenile Court of Jefferson County from proceeding with this matter. Specifically, the mother contends that the Circuit Court of Russell County has exclusive jurisdiction of the case and the Juvenile Court of Jefferson County cannot have jurisdiction to hear matters pertaining to custody in that it cannot usurp the duties and functions of the circuit court which initially had jurisdiction and determined custody. The mother arrives at this position by viewing the proceedings in the Jefferson County Juvenile Court as a custody issue; however, we believe that the focus of this case is not solely custody of the child. This is a case where the juvenile court in Jefferson County was called upon to look after the best interests of a child within its jurisdiction and protect his safety and well-being. Therefore, the writ is denied.
The dispositive issue, as alluded to above, is whether the Juvenile Court of Jefferson County had jurisdiction to proceed in the manner in which it did.
Essentially, to support her position that the juvenile court is without jurisdiction, the mother relies on the fact that the divorce and custody were accomplished by the Circuit Court of Russell County and on the general rule that once a circuit court originally obtains jurisdiction over a minor child involved in a divorce case, that court retains jurisdiction during the child's infancy. However, as this court recognized in Roberson v. McAliley, 387 So.2d 840 (Ala.Civ.App. 1980), that rule is not followed without exception.
 "Under certain circumstances, the court where the child is then residing may gain jurisdiction concurrent with that of the original court. These circumstances are those `which create an emergency as to the immediate welfare of the child.' Ferguson v. State, 251 Ala. 645, 648, 38 So.2d 853 (1949)."
Id. at 842.
We mention, for purposes of clarification, that the use of the word "residing" in the above is in connection with an emergency situation and is not intended to connote traditional legal definitions of "residency." See also § 12-15-30 (c)(1)a, Ala. Code (1975).
In the instant case, the Department filed a petition with the Juvenile Court of Jefferson County alleging an emergency situation in which a child who was physically present in the juvenile court's district is a suspected victim of child abuse. The child, who has been deaf most of his life and cannot speak, had communicated to his father and Department workers that his stepfather in Russell County had beaten and abused him. As corroboration, the child had several recent bruises and contusions on various parts of his body. The oldest of these injuries appeared to be at least a week old while others were more recent.
This case is not a case solely concerned with child custody. Because of the suspected abuse inflicted on the child while in Russell County, the Jefferson County Juvenile Court had jurisdiction to determine that an emergency situation existed which threatened the safety and well-being of a child within its district and award temporary custody to the father to insure that the child was protected from the alleged abuse. Ala. Code §§ 12-15-30 and 12-15-35 (1975); Roberson v. McAliley,387 So.2d 840 (Ala.Civ.App. 1980).
We particularly note that the Juvenile Court of Jefferson County has not entered *Page 310 
a final order in this case, and it has made no provisions other than that necessary to insure the immediate safety and well-being of the child at the time the "child abuse" petition was presented to it; in other words, the court was faced with an emergency situation requiring immediate action.
A writ of prohibition is an extraordinary and drastic remedy which is to be employed with great caution and only in cases of extreme necessity. Barber Pure Milk Co. v. Alabama State MilkControl Board, 274 Ala. 563, 150 So.2d 693 (1963). The present case is not a situation that necessitates a writ of prohibition.
We further note that it has been indicated to this court that the child is presently with his mother, presumably in Lee County. Upon a hearing on the "merits" or otherwise, the Juvenile Court of Jefferson County may well transfer the proceeding to the Russell County Circuit Court or another appropriate court.
In any event, this court cannot say the Jefferson County Juvenile Court was without "jurisdiction" to enter the aforesaid orders. Therefore, the writ of prohibition is due to be and is denied.
WRIT DENIED.
All the Judges concur.